UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LIHUA INTERNATIONAL, INC,
SECURITIES LITIGATION

MEMORANDUM
OPINION AND ORDER
14-CV-5037 (RA) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

The above-captioned securities class action, along with related case 14-cv-3543, were referred to the undersigned for general pretrial. (Doc. No. 115). Plaintiffs James Holtz, Peter Hoang, and Beverly Burks (collectively, "Plaintiffs") bring this action against Defendants Lihua International, Inc. ("Lihua") and several individual officers of the corporation. (*See* Doc. No. 77, Second Amended Complaint.) Relevant to the instant motion, Plaintiffs bring claims against Defendant Jianhua Zhu ("Zhu"), the former President, former Chief Executive Officer, and former Chairman of the Board of Directors of Lihua, and Defendant Yaying Wang ("Wang"), former Chief Operating Officer of Lihua and former member of its Board of Directors. (*Id.* at ¶¶ 13, 14.) Both Zhu and Wang live and work in China. Before the Court is Plaintiffs' motion for alternative service of Zhu and Wang, pursuant to Federal Rule of Civil Procedure 4(f)(3). (Doc. No. 124.) Lihua opposed the motion. (Doc. No. 133.) For the reasons that follow, Plaintiffs' motion is **DENIED**.

Plaintiffs seek an order authorizing them to serve Zhu and Wang by a combination of (1) service by mailing papers to Lihua's registered agent and (2) service by mailing papers to Lihua's counsel of record in the instant case. (Doc. No. 125 at 1.) Plaintiffs attempted to serve Zhu and Wang via the Hague Convention in August 2015. (*Id.* at 2.) A year later, Plaintiffs have

yet to receive confirmation that service has been effectuated upon Zhu and Wang. (*Id.*) Accordingly, they argue that an order permitting alternative service is appropriate.

Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3). *See SEC v. Anticevic*, 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009) ("Pursuant to Rule 4(f)(3), a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement … and (2) comports with constitutional notions of due process[.]")

Plaintiffs argue that, because Zhu is the current legal representative of Lihua's Chinese subsidiaries and Wang is Zhu's wife, service on Lihua and its counsel in this action, is reasonably calculated to apprise Zhu and Wang of the instant action. They point to several cases in which courts have permitted service on "a company's high-level employees by serving the company itself," finding that such service "comports with due process." *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 268 (S.D.N.Y. 2012) (finding service on corporation's attorneys "certain to apprise" individual defendant of the action where defendant was current Chairman and Chief Executive Officer of the corporation); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D.Cal.2012) (service on corporation reasonably calculated to apprise individual defendants that were current officers of the corporation and where thus "directing counsel for the Company"); *Sicav v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) (service on corporation and its counsel appropriate when defendant was general manager of all of

2

corporation's Chinese subsidiaries and the corporation touted defendant as "key to the success" of the corporation).

Lihua, however, argues that the cases cited by Plaintiffs are distinguishable from the instant case.[1] Lihua's counsel, Douglas Green of the law firm Lane Powell, PC, avers that neither he nor anyone in his firm has "ever met, spoken to, or corresponded in any way with Defendants Zhu or Y. Wang." (Doc. No. 134 at ¶ 3.) He alleges that Zhu and Wang have had "no active role at Lihua or Lihua's subsidiaries since they resigned in May 2014." (*Id.* at ¶ 5.) Furthermore, neither he nor his colleagues at the law firm have any "knowledge of the present whereabouts of Defendants Zhu or Y. Wang." (*Id.* at ¶ 4.) Lihua explains that while it is true that Zhu has remained the legal representative of the Lihua subsidiaries, it is "because no one else was willing to assume the substantial liability attached to that position" and "Zhu's actual control of the Lihua subsidiaries ... was appropriately curtailed by the Framework Agreement." (Doc. No. 133 at 6.)

The cases permitting alternative service such as that proposed by Plaintiffs have found that it is "impossible to imagine" that the individual defendants would not be made aware of the pending action against them by the corporate entities. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267. The facts set forth by Greene leave considerable room for doubt that such service would be reasonably calculated to apprise Zhu and Wang of the claims against them. Accordingly, Plaintiffs' motion is **DENIED**.

---

[1] While Lihua does not have "standing" to oppose the instant motion, "the Court will consider [its] submissions as those of an amicus curiae with respect to [P]laintiffs' motion because without such consideration, the Court would be hampered in issuing a ruling grounded on all the facts presented." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (internal quotations omitted) (citing *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 114-15 (S.D.N.Y. 2010); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 11 Civ. 6746 (RJH), 2011 U.S. Dist. LEXIS 135391, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011)).

3

SO ORDERED this 12th day of August 2016
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge